# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

22-3035
CRIMINAL

---

## UNITED STATES OF AMERICA,
Appellee,

v.

## TOMMY TATE COLLINS,
Appellant.

---

*APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE*
*SOUTHERN DISTRICT OF IOWA*
*HONORABLE REBECCA GOODGAME EBINGER, U.S. DISTRICT COURT JUDGE*

---

## BRIEF OF APPELLEE

---

**Richard D. Westphal**
*United States Attorney*

**Amy Jennings**
*Assistant United States Attorney*

U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tel:  (515) 473-9300

Attorneys for Appellee

## SUMMARY OF THE CASE

Tommy Tate Collins appeals the district court's denial of his motion to withdraw his guilty plea. Collins filed the motion after his case had been remanded pursuant to *United States v. Collins,* 25 F.4th 1097, 1099 (8th Cir. 2022). Collins claims that, in denying the motion, the district court abused its discretion by applying the "fair and just reason" standard set forth in Federal Rule of Criminal Procedure 11(d)(2)(B). Collins also asserts that the government's breach of his plea agreement constitutes a fair and just reason warranting withdrawal of his guilty plea.

Collins also appeals his guidelines sentence for sex trafficking of a minor, which was 18 months longer than his original sentence. Even though a different judge imposed sentence on remand and provided a lengthy, detailed explanation for the sentence, Collins asserts a presumption of vindictiveness should apply.

## STATEMENT REGARDING ORAL ARGUMENT

This case has been screened for argument. Ten minutes per party would be sufficient.

i

# TABLE OF CONTENTS

SUMMARY OF THE CASE ...........................................................................i

STATEMENT REGARDING ORAL ARGUMENT ...................................i

TABLE OF CONTENTS .........................................................................ii

TABLE OF AUTHORITIES ....................................................................iv

STATEMENT OF THE ISSUES...............................................................1

STATEMENT OF THE CASE ..................................................................1

SUMMARY OF THE ARGUMENT ........................................................11

ARGUMENT ........................................................................................12

I.  The district court properly denied Collins' motion to withdraw his guilty plea because Rule 11(d)(2)(b) governs his motion and Collins' failed to demonstrate a "fair and just reason."
    A.  Standard of review ...............................................................12
    B.  Argument
        1.  The district court was correct to utilize the Rule 11(d)(2)(b) "fair and just reason" standard in denying Collins' motion to withdraw his guilty plea .......................................12
        2.  The district court properly exercised its discretion in concluding Collins failed to demonstrate a fair and just reason for withdrawal of his guilty plea ..............................17

II.  The district court did not plainly err by imposing a sentence that was 18 months longer than the original sentence.
    A.  Standard of review ...............................................................24
    B.  Argument...............................................................................25

CONCLUSION ....................................................................................27

Appellate Case: 22-3035    Page: 3    Date Filed: 03/10/2023 Entry ID: 5253757

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) ........................ 28

CERTIFICATE OF SUBMISSION AND VIRUS SCAN ........................ 29

CERTIFICATE OF SERVICE.................................................. 30

iii

# TABLE OF AUTHORITIES

**CASES:**

*United States v. Almonte-Nunez*, 771 F.3d 84 (1st Cir. 2014) ............... 22

*United States v. Anderson*, 440 F.3d 1013 (8th Cir. 2006) ............... 25, 26

*United States v. Collins,* 25 F.4th 1097 (8th Cir. 2022) .... 5, 14, 18, 19, 20

*United States v. Cooper,* 70 F.3d 563 (10th Cir. 1995) ............................ 21

*United States v. Gomez*, 326 F.3d 971 (8th Cir. 2003) ...................... 15, 16

*United States v. Ramirez-Hernandez*, 449 F.3d 824 (8th Cir. 2006) ...... 17

*United States v. Rollins*, 552 F.3d 739 (8th Cir. 2009) ........................... 17

*United States v. Seys*, 27 F.4th 606 (8th Cir. 2022) ................................ 12

*United States v. Watts*, 519 U.S. 148 (1997) ........................................... 23

*United States v. White Owl*, 932 F.3d 1192 (8th (Cir. 2019) ................. 17

*United States v. Williams*, 976 F.3d 781 (8th Cir. 2020) ................. 24, 25

*United States v. Wise*, 976 F.2d 393 (8th Cir. 1992) ............................... 23

**STATUTES:**

18 U.S.C. § 3661 ....................................................................................... 23

iv

**OTHER AUTHORITIES:**

Fed. R. Crim P. 11(d)(2)(B) ........................................................... 13

USSG §1B1.4 ................................................................................. 23

USSG §6A1.3(a) ........................................................................... 23

Appellate Case: 22-3035    Page: 6    Date Filed: 03/10/2023 Entry ID: 5253757

# STATEMENT OF THE ISSUES

**I.  The district court properly denied Collins' motion to withdraw his guilty plea because Rule 11(d)(2)(b) governs his motion and Collins' failed to demonstrate a "fair and just reason."**

1. *United States v. Seys*, 27 F.4th 606 (8th Cir. 2022)
2. *United States v. White Owl*, 932 F.3d 1192 (8th (Cir. 2019)
3. *United States v. Rollins*, 552 F.3d 739 (8th Cir. 2009)

**II.  The district court did not plainly err by imposing a sentence that was 18 months longer than the original sentence.**

1. *United States v. Williams*, 976 F.3d 781 (8th Cir. 2020)
2. *United States v. Anderson*, 440 F.3d 1013 (8th Cir. 2006)

# STATEMENT OF THE CASE

Collins pled guilty to sex trafficking Minor Victim B from early 2018 through early 2019, in violation of 18 U.S.C. § 1591(a)(1) and (b)(2). (R. Doc. 376.)[1] Collins paid Minor Victim B, then 15 and 16 years old, for sex with money, marijuana, and cocaine. (PSR p. 7, ¶ 15.) Collins attempted to set her up with other individuals to engage in commercial

---

[1] This brief uses the following abbreviations:
"R. Doc." -- district court clerk's record, followed by docket entry and page number, where noted;
"PSR" -- revised presentence report (R. Doc. 689), followed by the page number of the originating document and paragraph number, where noted;
"ST" -- sentencing hearing transcript, followed by page number;
"RST" -- resentencing hearing transcript, followed by page number; and,
"Br." -- Collins' opening brief, followed by page number.

1

sex acts, trying to get her to use him to find clients. (PSR pp. 8-9, ¶ 25.) Collins threatened Minor Victim B when they argued about Collins having assaulted another woman, S.M., for which he was facing state charges at the time of his initial sentencing. (PSR pp. 9-10, 24-25, ¶¶ 32-33, 79a.)

Collins' plea agreement included a joint recommendation that the undue influence and obstruction of justice enhancements would not apply. (R. Doc. 376, at 4-5, ¶ 12.) It also provided that the "Government reserves the right to oppose a reduction under §3E1.1 if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility." (R. Doc. 263, at 6-7, ¶ 13.)

Collins was prohibited from contacting S.M. pursuant to a state no contact order prior to his appearance on the federal criminal indictment, and he had notice of that order. (PSR pp. 24-25, ¶ 79a; R. Doc. 394-1.) S.M. was a witness to the child sex trafficking offense. (PSR p. 9, ¶ 29.) On February 7, 2020, Collins entered his plea. (R. Doc. 375.) On February 21, 2020, the government submitted its offense conduct statement.

2

(PSR pp. 52-60.) In preparing to submit the offense conduct statement, the government discovered that Collins had called S.M. that very afternoon. (R. Doc. 393.) Defense counsel was immediately notified. (R. Doc. 393, at 3.) The government filed a motion for a federal protective order, which was granted. (R. Doc. 393, 394, 395.) Still, the government had not recommended obstruction, and had recommended credit for acceptance of responsibility. (PSR pp. 51-59.)

After his plea agreement, and after the federal protective order was issued, Collins continued to call S.M. from Polk County Jail. (PSR p. 11, ¶ 43.) On June 9, 2020, the government supplemented its PSR objections, and indicated it was not seeking the obstruction enhancement, but was recommending that acceptance be withheld. (R. Doc. 440.)

Prior to the sentencing hearing, Collins filed extensive factual objections to the PSR. (R. Doc. 435, 441.) Collins claimed the government had breached the plea agreement in multiple ways, including by failing to move for a three-level reduction for acceptance of responsibility. (R. Doc. 527.) Collins asked that a new presentence report be prepared and that a new judge be assigned the case for sentencing. (R. Doc. 527, at

3

25-26.) Collins at no point, either in his memorandum or at the sentencing hearing, sought to withdraw his plea.

In its sentencing memo, the government reiterated it was not seeking the obstruction of justice or undue influence adjustments, but was opposing credit for acceptance of responsibility due to post-plea violation of the no contact orders and due to his extensive and frivolous objections to the PSR. The government filed numerous exhibits and a lengthy memorandum to prove up the objected-to facts. (R. Doc. 450, 451, 452, 479, 524.)

At the sentencing hearing, the district court found that the government had not breached the plea agreement. (ST 13.) The district court judge then urged Collins to withdraw his objections, warning him that if he did not, he would likely lose credit for acceptance of responsibility. (ST 12-14.) Collins then withdrew most of his objections to PSR. (ST 16-18.)

The government did not request, and the district court did not apply, guideline adjustments for undue influence or obstruction. The government withdrew its position that Collins not receive two levels of credit for acceptance of responsibility, but declined to move for the third

4

level based upon Collins' extensive objections to the PSR and post-plea violations of the no contact order. (ST 20-21.) The government requested 300 months' imprisonment; Collins' requested 160 months' imprisonment. (ST 66, 68.)

The district court varied downwards from the guideline term of a total offense level of 32 (with a guideline range of imprisonment of 210 to 262 months) to a total offense level 31, with a range of 188 to 235 months, "which is if the Government had moved for that third level." (ST 82.) The district court sentenced him to 210 months' imprisonment, finding it "fairly and reasonably accounts for the various 3553(a) factors involved in this particular case." (*Id*.)

Collins appealed, "asserting the government breached his plea agreement by, among other things, advocating against an agreed-upon reduction for acceptance of responsibility." *United States v. Collins,* 25 F.4th 1097, 1099 (8th Cir. 2022). The Eighth Circuit found the government breached the plea agreement, vacated Collins' sentence, and remanded to the district court to assess the most appropriate remedy: specific performance or withdrawal of the guilty plea. *Id*. at 1102.

5

Collins moved to withdraw his guilty plea, arguing "the breach in this matter was intentional and egregious and therefore withdrawal of his plea is the appropriate remedy." (R. Doc. 682, at ¶ 2.) Collins asserted that the standard set forth in Federal Rule of Criminal Procedure 11(d)(2)(B) for analysis of a motion to withdraw a guilty was inapplicable, urging the district court instead to apply an "intentional or egregious" standard. (*Id.*) The government opposed Collins' motion, arguing that the Rule 11(d)(2)(B) standard applied, Collins had failed to show a fair and just reason warranting withdrawal of his guilty plea, and requesting specific performance of the plea agreement. (R. Doc. 686.)

The district court denied Collins' motion to withdraw his guilty plea, finding that: (1) Eighth Circuit case law does not support applying any standard besides the "fair and just reason" standard; and (2) the record did not support finding a fair and just reason to permit withdrawal of the guilty plea. (R. Doc. 687, at 3.) The district court ordered the government to comply with the terms of the plea agreement, ordered the United States Probation Office to prepare an updated presentence report, and set a resentencing date. (*Id.* at 4.)

Appellate Case: 22-3035   Page: 12   Date Filed: 03/10/2023 Entry ID: 5253757

By resentencing, the state charges for Collins' assault of S.M. that had been pending at his first sentencing had been resolved by Collins' entry of a guilty plea to domestic abuse (strangulation) (no injury). (PSR p. 25, ¶ 79a.) The government moved for the third level of acceptance of responsibility and did not prove up factual information in the PSR regarding Collins' post-indictment conduct. (RST 6.) The district court explicitly stated it would not consider such conduct. (*Id.*) Both parties agreed the applicable sentencing range was 188 to 235 months' imprisonment. (R. Doc. 692, at 3; R. Doc. 695, at 5.) The government requested 235 months' imprisonment; Collins requested 188 months' imprisonment. (RST 22; R. Doc. 695, at 7.)

The district court sentenced Collins to 228 months' imprisonment, which was in the middle of the guideline range and 18 months longer than his first sentence. (RST 28-29; R. Doc. 698.) In imposing sentence, the district court provided a lengthy explanation of the sentence:

> The Court is required to consider a number of factors before deciding on an appropriate sentence in this and every case, and those factors are set forth in Title 18, United States Code, Section 3553(a). They include the defendant's history and characteristics and the nature and circumstances of the offense.

7

The Court must also consider the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to adequately deter future criminal conduct, both for this defendant and for others who might contemplate committing such an offense in the future.

The Court has to consider the need for the sentence imposed to protect the public and to provide the defendant with educational training or other needs in the most effective manner.

The Court has to consider the guidelines and the advice they provide as well as the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

The Court also must consider the need to provide restitution as well.

I may not talk about each one of the statutory considerations specifically in articulating the reasoning for my sentence, but in determining the appropriate sentence to impose, I have considered each and every one of them.

Ultimately, the sentence the Court imposes must be sufficient but not greater than necessary to serve the purposes of sentencing.

The aggravating factors here are the nature and circumstances of the offense. In addition to the defendant's violent criminal history, the aggravators here have been well outlined by the Government in their written materials.

But the number of individuals that the defendant harmed during the course of this conduct, the communications with Minor Victim B to attempt to influence her to engage in

8

commercial sex acts with others for his benefit, the number of times that the defendant engaged in sex acts with Minor B knowing that she was 15 years old, all of these are aggravating factors.

The defendant's violence towards Minor Victim B is also an aggravating factor. The Court credits, as I previously said, the statements in regards to his attempts to choke her, the minor having to flee from the residence at 3:30 in the morning, and threatening her using his assault against another woman as an intimidation factor. This is very serious conduct with great harm to multiple individuals.

The history and characteristics of the defendant are also aggravating in many respects. The defendant is a criminal history category VI with 15 criminal history points, many of which arise from violent activity, including prior domestic assaults.

Paragraph 79a is the most recent domestic assault involving S.M. Paragraph 72, domestic assault causing bodily injury. Paragraph 70. Paragraph 69 was an assault on law enforcement. Paragraph 67. Paragraph 65.

There is a steady pattern of conduct of assault and violence by this defendant which is of concern to the Court in terms of protecting the public.

The defendant also has a criminal history that establishes a regular engagement with drug trafficking, as do the facts of this case where the defendant distributed drugs to Minor Victim B as part of his compensation to her for performing sex acts.

The defendant had a challenging childhood. That is documented in the presentence investigation report as well. The Court notes that.

The Court has also some concerns about the presence of firearms in the defendant's past as well.

The defendant's substance abuse dates back to 2006 and has involved the use of alcohol and marijuana throughout his adult life. The defendant has little employment history documented in the report, and that is of concern as well.

(RST 25-29.) The district court further stated:

That sentence is within the advisory guideline range and is imposed for the reasons I have previously stated. It's in the middle of the range factoring in the mitigating factors that have been highlighted by the defense, including the defendant's history of abuse -- or challenges as a child and otherwise difficult circumstances in his upbringing.

I note that I have not sentenced lower in the guideline range or varied downward because of the extreme aggravating nature of the offense itself and the Court's concern about the pattern of behavior in this case, including multiple instances of domestic violence in his criminal history, multiple instances of violence during the course of this conduct, and the need to protect the public is at the forefront of the Court's concern.

I recognize my authority to vary downward to the120-month mandatory minimum or to vary upward to that life imprisonment that's authorized by statute, and having considered all of the statutory sentencing options available to me, I have concluded that 228-month term is sufficient but not greater than necessary to serve the purposes of sentencing.

(RST 29.) Collins filed this timely appeal. (R. Doc. 700, 701.)

10

## SUMMARY OF THE ARGUMENT

The district court properly denied Collins' motion to withdraw his guilty plea. The district court utilized the correct standard—whether Collins could show a fair and just reason for withdrawal—pursuant to Rule 11(d)(2)(B) in denying the motion. Collins' claim that the government intentionally and egregiously breached the plea agreement does not constitute a fair and just reason, and the record demonstrates that any breach was neither intentional nor egregious.

No presumption of vindictiveness applies to the district court's sentence, which was 18 months longer than the initial sentence. Collins was sentenced by a different district court judge and the judge provided a lengthy explanation for the sentence, which included non-vindictive reasons such as Collins repeated sexual activity with a person he knew to be a minor, Collins' history of assaultive conduct, and the need to protect the public.

11

**ARGUMENT**

## I. The district court properly denied Collins' motion to withdraw his guilty plea because Rule 11(d)(2)(b) governs his motion and Collins' failed to demonstrate a "fair and just reason."

### A. *Standard of review*

This Court reviews a district court's denial of a defendant's motion to withdraw his guilty plea for an abuse of discretion. *United States v. Seys*, 27 F.4th 606, 610 (8th Cir. 2022).

### B. *Argument*

#### 1. The district court was correct to utilize the Rule 11(d)(2)(b) "fair and just reason" standard in denying Collins' motion to withdraw his guilty plea.

Collins asserts the district court abused its discretion by evaluating his motion to withdraw his guilty plea pursuant to the Rule 11(d)(2)(B) standard of whether he had demonstrated a fair and just reason for withdrawal. (Br. 9-15.) He also invites this Court to create a new rule of law that, following remand based on a government breach of a plea agreement, the standard for a district court's evaluation of a motion to withdraw guilty plea should be based on the "totality of the

12

circumstances."[2] (Br. 12-15.) For the reasons set for the below, Collins claims should be denied.

The crux of Collins' argument is that remand by a court of appeals places his case in a different procedural posture than that which is described in in Rule 11(d)(2)(B)—"after the court accepts the plea, but before it imposes sentence." However, when this Court remanded Collins' case to the district court, it placed Collins in the procedural posture that is described in Rule 11(d)(2)(B). During his first appeal, Collins requested the Eighth Circuit allow him to withdraw his guilty plea based on the appeal record. (Appeal No. 20-3579, Collins' Brief, at 50.) After finding that the government had breached the plea agreement, the Eighth

---

[2] Instead of a district court evaluating a post-remand motion to withdraw guilty plea for a fair and just reason pursuant to Rule 11(d)(2)(B), Collins argues that the district court should employ a totality-of-the-circumstances analysis. (Br. 12-15.) Notably, on appeal is the first time Collins has championed the totality-of-the-circumstances analysis as the correct standard. In the district court, he argued that the proper analysis was whether the government intentionally and egregiously breached the plea agreement. (R. Doc. 682, at 1-2.) Collins acknowledges that he cannot locate any cases in which the Supreme Court or the Eighth Circuit have established tests for district courts to utilize in evaluating post-remand motions to withdraw a guilty plea. (Br. 13.) Instead, Collins cites two cases—one from the Second Circuit and one from the Tenth Circuit—that he contends provide "guidance" to district courts. *Id.*

13

Circuit explicitly considered Collins' request to vacate his guilty plea based on the appellate record and declined to do so. 25 F.4th at 1102. Instead, this Court vacated Collins' sentence and remanded to the district court to determine whether withdrawal of the plea agreement or resentencing was the appropriate remedy. (*Id.*) Thus, following remand, Collins' procedural posture before the district court was that his guilty plea had been accepted but sentence had not yet been imposed, as described by Rule 11(d)(2)(B). Accordingly, the district court employed the correct standard in denying his motion for withdrawal of his guilty plea.

Before the district court and on appeal, Collins has failed to identify a single Eighth Circuit case in which the Court employs a standard other than "a fair and just reason" when reviewing the denial of a motion to withdraw a guilty plea based on a government breach of a plea agreement. Instead, Collins' claim that the Rule 11(d)(2)(B) standard is inapplicable is based on *dicta* from *United States v. Gomez*, 326 F.3d 971, 973-74 (8th Cir. 2003). (Br. 10.) He asserts that, because this Court stated, "On appeal, Gomez argues the district court abused its discretion in denying his motion to withdraw the plea because he had fair and just

14

reasons for withdrawal. But that is the standard when a defendant moves to withdraw his plea before sentence is imposed[,]" it follows that some other standard besides the Rule 11(d)(2)(B) standard is applicable when district courts consider motions to withdraw a guilty plea following remand. (Br. 9-10.)

Because of the differences between the procedural postures of *Gomez* and this case, Collins' reliance on *Gomez* is misplaced. In *Gomez*, the Court had remanded to the district court for determination of appropriate remedy after the Court found the government had breached the plea agreement when it failed to recommend an acceptance of responsibility reduction. 326 F.3d at 973. On remand, the defendant moved to withdraw her guilty plea, alleging as grounds the breach as well as arguments other than the plea breach. *Id.* at 973-75 (discussing defendant's claims of ineffectiveness assistance of counsel and plea was neither knowing nor voluntary). The government opposed the motion, stating it would fulfill its plea agreement obligation if the defendant was sentenced before a different district court judge. *Id.* at 973. Following an evidentiary hearing, the district court denied the motion to withdraw and

15

found that the breach was cured when the government recommended an acceptance of responsibility reduction at resentencing. (*Id.* at 973-74.)

In the second appeal (which is the *Gomez* case cited by Collins), the defendant *did not*—as Collins does here—appeal the district court's decision to deny the withdrawal motion based on the plea-agreement breach. *Id.* at 974. Rather, the defendant appealed the district court's denial of her withdrawal motion based on the grounds outside of the breach. *Id.* This Court noted it had "some doubt whether the court even had discretion to grant the motion to withdraw for any other reason" besides the breach, based on the limitations of the remand order. *Id.* Because the district court's denial of the withdrawal motion was not before the Eighth Circuit, let alone the standard used by the district court, *Gomez* does not stand for the proposition that Collins wishes it to – that some standard besides the one set forth in Rule 11(d)(2)(B) applies in this case.

As such, the Court should reject Collins' claim that the district court erred by applying the Rule 11(d)(2)(B) standard.

Appellate Case: 22-3035    Page: 22    Date Filed: 03/10/2023 Entry ID: 5253757

2. **The district court properly exercised its discretion in concluding Collins failed to demonstrate a fair and just reason for withdrawal of his guilty plea**

"A defendant may withdraw a guilty plea after it has been accepted by the court, but before the court imposes sentence, if he shows 'a fair and just reason for requesting the withdrawal.'" *United States v. White Owl*, 932 F.3d 1192, 1194 (8th (Cir. 2019) (quoting Fed. R. Crim. P. 11(d)(2)(B)). "The defendant bears the burden of showing fair and just grounds for withdrawal." *United States v. Rollins*, 552 F.3d 739, 741 (8th Cir. 2009). "Even if such a fair and just reason exists, before granting the motion a court must consider whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion." *United States v. Ramirez-Hernandez*, 449 F.3d 824, 826 (8th Cir. 2006) (internal citation and quotation marks omitted). "Where the court sees no fair and just reason to permit withdrawal, however, these additional matters need not be considered." *Id.* (internal citation omitted).

17

To the extent Collins' claim is construed to be that the government's breach, as identified by this Court in the first appeal, was intentional and egregious, and such a breach constitutes "fair and just grounds" necessitating withdrawal of the guilty plea, that argument fails. (Br. 11.)

This Court's characterization of the government's breach is key. This Court analyzed the plea agreement provision at issue and compared it to the provision at issue in *United States v. Mosley*, 505 F.3d 804 (8th Cir. 2007). *Collins*, 25 F.4th at 1101. Paragraph 13 of the plea agreement states:

> Acceptance of Responsibility. The Government agrees to recommend that Defendant receive credit for acceptance of responsibility under USSG §3E1.1. The Government reserves the right to oppose a reduction under §3E1.1 if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility. If the base offense level is 16 or above, as determined by the Court, the Government agrees that Defendant should receive a 3-level reduction, based on timely notification to the Government of Defendant's intent to plead guilty.

(R. Doc. 376, at 5.) After analyzing paragraph 13, this Court found, "Although the provision here arguably supports an interpretation that would permit the introduction of pre-plea conduct, we must construe

18

ambiguity in the plea agreement against the government." *Collins*, 25 F.4th at 1101.

This Court's characterization of the breach severely undercuts Collins' argument that the government's breach was "intentional and egregious," and, thus, constituted a fair and just reason for withdrawal. This Court found that the plea provision "arguably support[ed]" the government's interpretation, and found a breach only because an ambiguity is to be construed against the government. *Id.* Implicitly, the Eighth Circuit found that the plea provision was ambiguous. The Eighth Circuit's recognition that the government had a basis for its interpretation that Collins had violated Paragraph 13, and therefore, the government was not required to recommend acceptance, is echoed by the original district court judge for this case. As the Eighth Circuit pointed out, the original district court judge rejected Collins' contention that the government breached the plea agreement: "I think [the government] saw a crack in the door that the defendant made and they stormed through it with everything they had . . . But that's not, in my view, a breach of the plea agreement." *Collins*, 25 F.4th at 1100.

Appellate Case: 22-3035     Page: 25     Date Filed: 03/10/2023 Entry ID: 5253757

Moreover, the government's breach was not intentional nor egregious because Collins' post-plea, pre-sentencing actions supported the government's belief that Collins had engaged in "conduct not consistent with acceptance of responsibility" as set forth in paragraph 13 of the plea agreement. As explained by this Court, the government recommended the reduction for acceptance of responsibility in its initial offense conduct statement. *Collins*, 25 F.4th at 1099. Subsequently, however, Collins twice contacted S.M., in violation of a recently-obtained federal no-contact order, and then objected to nearly all the facts in the presentence report. *Id.* at 1100. In its sentencing memorandum, which is where this Court located the government's breach of the plea agreement, the government advocated against the acceptance reduction based on Collins' contact with victims and his false denial of relevant conduct. The fact that the government's decision not to recommend acceptance was predicated on Collins' post-plea, pre-sentencing conduct demonstrates the breach was neither intentional nor egregious. This is not a case where the government induced Defendant's guilty plea with a plea agreement that contained an "unfillable promise," and there were no intervening actions taken by the defendant between plea and sentencing. *See United*

20

*States v. Cooper,* 70 F.3d 563, 566-68 (10th Cir. 1995) (vacating guilty plea because government promised to recommend probation when government had knowledge of facts that would make a sentence of probation illegal for the court to impose.)

Collins also asserts that the district court abused its discretion in denying his request to withdraw his guilty plea because the government breached the plea agreement by including information in its offense conduct statement to the U.S. Probation Office that the U.S. Probation Office relied upon for guideline calculations that were contrary to the recommendations of the plea agreement. (Br. 17-18.)

There is no breach by the government in submitting an offense conduct statement to the U.S. Probation Office. Per the Southern District of Iowa's 1994 Administrative Order, the United States Attorney's Office was required to provide the United States Probation Office "a written statement of the defendant's offense conduct in the case." (R. Doc. 377; December 5, 1994 Administrative Order.) The U.S. Attorney's Office also disclosed its entire discovery file to the U.S. Probation Office, as it is required to do.

21

The plea agreement bound the government as to guideline adjustments it would advocate for, based upon the information known to it at the time of the plea agreement, and the government upheld that agreement. The plea agreement did not prohibit the government from submitting additional information in its offense conduct beyond those minimal facts Collins had agreed to. To suggest that the government needs to withhold evidence that could possibly be used to advocate for a different guideline position is contrary to the law and to reason. "[P]rosecutors have a concurrent and equally solemn obligation to provide relevant information to the sentencing court and that a plea agreement may not abridge that obligation." *United States v. Almonte-Nunez*, 771 F.3d 84, 90 (1st Cir. 2014).

Collins also contends that the district court abused its discretion because permitting withdrawal of the guilty plea was the only way to completely purge the record of any negative facts that, in his view, were not lawfully before the district court. (Br. 18-21.)

This argument also fails. First, this Court did not go so far as to find that mere presentation of information regarding Collins' pre-plea conduct, so long as the government had kept its promise to advocate for

22

the acceptance reduction, would have resulted in a breach. "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661; USSG §1B1.4; *see also United States v. Watts*, 519 U.S. 148, 151-52 (1997) ("Highly relevant—if not essential to [the judge's] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." (alteration in original) (quoting *Williams v. New York*, 337 U.S. 241, 247 (1949)).

Second, the sentencing process is designed such that district court judges routinely learn information that they ultimately are required to set aside in imposing sentence. "[A] presentence report is not evidence and is not a legally sufficient basis for making findings on contested issues of material fact." *United States v. Wise*, 976 F.2d 393, 404 (8th Cir. 1992). Pursuant to USSG §6A1.3(a):

> When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor. In resolving any dispute concerning a factor important to the sentencing determination, the court

23

> may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.

Parties frequently argue over facts in the offense conduct statement that ultimately may or may not be proven by a preponderance of the evidence and be relied upon by the district court at sentencing. Accordingly, because the sentencing process inherently requires district court judges to sometimes set aside information in imposing sentence, the district court did not abuse its discretion in finding that no fair and just reason existed warranting withdrawal of the guilty plea.

## II. The district court did not plainly err by imposing a sentence that was 18 months longer than the original sentence.

### A. *Standard of review*

Collins acknowledges that he failed to lodge an objection to the sentence in the district court based on vindictiveness. (Br. 22.) As such, this Court reviews his claim of judicial vindictiveness for plain error. *See United States v. Williams*, 976 F.3d 781, 784 (8th Cir. 2020), *cert. granted, judgment vacated on other grounds*, 212 L. Ed. 2d 536, 142 S. Ct. 1439 (2022), *and vacated and remanded on other grounds*, No. 19-2235, 2022 WL 1510779 (8th Cir. May 13, 2022).

24

### B. Argument

Collins asserts that a presumption of vindictiveness should apply because, at resentencing, the district court judge imposed a sentence that was 18 months longer than the original sentence. (Br. 22-27.) Based on Eighth Circuit caselaw, Collins' contention lacks merit.

In *United States v. Anderson*, the Eighth Circuit held "no presumption of vindictiveness arises when a different judge imposes a more severe sentence during resentencing and the record contains non-vindictive reasons for the more severe sentence." 440 F.3d 1013, 1016 (8th Cir. 2006). The Eighth Circuit has further held that a presumption of judicial vindictiveness does not apply if the judge has no personal stake in prior proceedings. *Williams*, 976 F.3d at 785 (collecting cases).

Here, the presumption of vindictiveness is clearly inapplicable. The second sentence was imposed by a different district court judge. Furthermore, the record is replete with "non-vindictive reasons" for the longer sentence. As recognized by this Court in *Anderson*, "With that new sentencing judge c[omes] a new point of view and a new approach to the exercise of the considerable discretion afforded under 18 U.S.C. § 3553(a)." 440 F.3d at 1017.

Appellate Case: 22-3035     Page: 31     Date Filed: 03/10/2023 Entry ID: 5253757

At the resentencing, the district court explained at length its reasoning for selecting a sentence in the middle of the guideline range. (RST 25-29.) Those reasons included: (1) the aggravated nature and circumstances of the offense, such as the number of victims harmed, his attempts to influence a minor victim to engage in commercial sex acts for his financial benefit, the number of times he engaged in sex acts with a person he knew to be age 15 and his violent behavior towards the minor victim; (2) Collins' extensive criminal history demonstrating "a steady pattern of conduct of assault and violence" as well as involvement with drug trafficking; and (3) the need to protect the public. (RST 27-29.) Accordingly, based on the record, the presumption of vindictiveness is not applicable.

Without the presumption, the burden to prove actual vindictiveness rests with Collins. *Anderson*, 440 F.3d at 1017. As with the defendant in *Anderson*, because Collins "relies on no evidence other than the fact of the longer sentence to prove vindictiveness, his arguments fail." *Id.* Collins points to no evidence of actual vindictiveness in the record. However, he does argue that the longer sentence was necessarily vindictive because, due to litigating the withdrawal motion, the second

26

judge learned of his post-indictment actions that Collins asserted should not be considered by the sentencer. (Br. 25.) However, this argument is unavailing, as the second judge explicitly stated that it would not consider paragraphs 34 through 40 of the PSR, which concerned Collins' post-indictment conduct. (RST 9.) Because the presumption does not apply, and Collins has failed to identify any evidence of actual vindictiveness, the district court did not plainly err in imposing a longer sentence.

## CONCLUSION

Collins' sentence should be affirmed.

Respectfully submitted,

Richard D. Westphal
United States Attorney


By:   */s/ Amy Jennings*
Amy Jennings
Assistant United States Attorney

U. S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa   50309
Tel:   (515) 473-9300
Fax:   (515) 473-9292

27

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i) because this brief contains 5443 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft 365 Word in Century Schoolbook font, 14 point.

Dated: March 10, 2023.

By: */s/ Amy Jennings*
Amy Jennings
Assistant United States Attorney

U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292

Appellate Case: 22-3035    Page: 34    Date Filed: 03/10/2023 Entry ID: 5253757

## CERTIFICATE OF SUBMISSION AND VIRUS SCAN

I hereby certify that on this 10th day of March 2023, I electronically submitted the BRIEF OF APPELLEE with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system after scanning it for viruses by using the McAfee Endpoint Security scan software program, which reported no viruses were found. Paper copies will be transmitted upon receipt of the Notice of Filing from the Clerk of Court.

*/s/ Dawn Thomas*
Paralegal Specialist

29

## CERTIFICATE OF SERVICE

I hereby certify that I did on this          day of March 2023, mail a

true and correct copy of the foregoing BRIEF OF APPELLEE by placing

it in the U. S. mail, postage prepaid and addressed to the following:

Nicholas Sarcone
Attorney at Law
501 SW 7th Street
Des Moines, Iowa 50309

_____

U. S. Attorney's Office
U. S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tele: (515) 473-9300
Fax:  (515) 473-9292

30