UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

No. 22-3035
CRIMINAL

**UNITED STATES OF AMERICA**

**Plaintiff-Appellee**

**v.**

**TOMMY COLLINS**

**Defendant-Appellant**

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA
HONORABLE JUDGE REBECCA GOODGAME EBINGER

**BRIEF OF APPELLANT
TOMMY COLLINS**

**BABICH SARCONE, PLLC**
Nicholas Sarcone
501 SW 7th Street
Des Moines, IA 50309
Telephone: 515.244.4300
Email: nick@babichsarcone.com
**Attorney for Defendant- Appellant**

# SUMMARY OF THE CASE AND REQUEST FOR ORAL ARGUMENT

In this case Tommy Tate Collins was charged in a 32-count indictment of which he pled guilty to Count 20. R. Doc. 164. In February 2022, Collins and the Government entered into a plea agreement. R. Doc. 376. The written plea agreement included a provision in which the Government agreed to recommend that the defendant receive credit for acceptance of responsibility. USSG §3E1.1; R. Doc. 376, p. 13. The Government used pre-plea conduct to advocate against acceptance of responsibility and Collins was sentenced to 210-month imprisonment. R. Doc. 539.

On appeal, Collins successfully argued that the Government had breached the agreement, the Eighth Circuit vacated Collin's sentence, and remanded to assess the most appropriate remedy. *United States v. Collins*, 25 F.4th 1097 (8th Cir. 2022).

On remand, the district court denied Collin's Motion to Withdraw Plea of Guilty and ordered specific performance of the plea agreement. R. Doc. 687.

Collins timely filed this appeal. Collins argues the court erred by applying the wrong standard and denying his Motion to Withdraw Plea and by selecting a sentence that was greater than the sentence prior to appeal without providing a direct reasoning for doing so.

Tommy Tate Collins requests 15 minutes for oral argument.

i

# TABLE OF CONTENTS

SUMMARY OF THE CASE AND REQUEST FOR ORAL ARGUMENT…..…..i

TABLE OF CONTENTS…………………………………………………..ii

TABLE OF AUTHORITIES……………………………………………iv

JURISDICTIONAL STATEMENT……………………………………..1

STATEMENT OF THE ISSUES………………………………………..2

STATEMENT OF THE CASE…………………………………………3

    NATURE OF THE CASE……………………………………...3

    PROCEDURAL HISTORY…………………………………………3

    FACTUAL OVERVIEW……………………………………………5

SUMMARY OF THE ARGUMENT……………………………….……..7

ARGUMENT……………………………………………..……....9

I. THE DISTRICT COURT ABUSED ITS DISCRETION BY USING THE INAPPLICABLE FAIR AND JUST STANDARD FROM FEDERAL RULE OF CRIMINAL PROCEDURE 11 TO REFUSE TO ALLOW THE DEFENDANT TO WITHDRAW HIS GUILTY PLEA………………………………………9

    A. Error Preservation and Standard of Review…………………….…9

    B. Posture of the Case at the Time of the Motion to Withdraw Plea and Inapplicability of Federal Rule of Criminal Procedure 11(d)&(e)………….9

    C. The Proper Standard for Ruling on a Motion to Withdraw a Plea of Guilty After Remand Finding Breach of the Plea Agreement……………………..12

    D. Considering the Totality of the Circumstances, the Government's Breach of Plea was Egregious, Intentional and cannot be Erased or Ignored……...15

Appellate Case: 22-3035   Page: 3   Date Filed: 01/06/2023 Entry ID: 5233391

II. THE DISTRICT COURT COMMITTED REVERSIBLE ERROR WHEN IT SENTECED COLLINS MORE SEVERLY ON REMAND AND FAILED TO STATE ANY REASONS WHY IT IMPOSED A GREATER SENTENCE……………………………………………………....21

    A. Standard of Review…………………………………………21

    B. The Presumption of Vindictiveness Should Apply and Therefore the District Court Committed Error By Sentencing Collins More Severely on Remand Without Stating Reasons for the Greater Sentence…..………………………………………………22


III. CONLUSION…………………………………………………..27

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS……..28

CERTIFICATE OF SUBMISSION AND VIRUS SCAN………………………..29

CERTIFICATE OF SERVICE……………………………………………30

Appellate Case: 22-3035    Page: 4    Date Filed: 01/06/2023 Entry ID: 5233391

# TABLE OF AUTHORITIES

**<u>Cases</u>**

*Alabama v. Smith*, 490 U.S. 794 (1989)...………………………………………..23, 24

*Chaffin v. Stynchcombe*, 412 U.S. 17 (1973)...…………………………………23

*Colton v. Kentucky*, 407 U.S. 104 (1972)………………………………………23

*Kingsley v. U.S.*, 968 F.2d 109, 113 (2nd Cir. 1992)………………………………13

*North Carolina v. Pearce*, 395 U.S. 711 (1969)………………………………..2, 23

*Principal Securities v. Agarwal,* 23 F.4th 1080 (8th Cir. 2022)……………………..9

*Rita v. United States*, 551 U.S. 338, 365 (2007)…………………………………..22

*Santobello v. New York*, 404 U.S. 257 (1971)………………………...2, 11, 12

*Texas v. McCullough*, 475 U.S. 134 (1986)………………………………………23

*United States v. Anderson*, 440 F.3d 1013, 1016 (8th Cir. 2006)………….……..24

*United States v. Barnes*, 809 F.3d 910, 915 (10th Cir. 2018)……………………..22

*United States v. Cochrane*, 702 F.3d 334, 345 (6th Cir. 2012)……………………22

*United States v. Collins*, 25 F.4th 1097, 1101 (8th Cir. 2022)…………..……...3, 5

*United States v. Dicus*, 579 F. Supp. 2d 1142 at 1152 (N.D. Iowa 2008)………....12

*United States. v. E.V.*, 500 F.3d 747, 751 (8th Cir. 2007)…………………..…..12

*United States v. Fowler*, 445 F.3d 1035,1038 (8th Cir. 2006)……………....…..18

*United States v. Grimes*, 888 F.3d 1012, 1017 (8th Cir. 2018)………………...11, 17

*United States v. Gomez*, 326 F.3d 971, 973-74 (8th Cir. 2003)………..………..2, 10

Appellate Case: 22-3035     Page: 5     Date Filed: 01/06/2023 Entry ID: 5233391

*United States v. Haslam*, 833 F.3d 840 (7th Cir. 2016)……………………………..11

*United States v. Hawley*, 93 F.3d 682, 694 (1996)…………………….2, 12, 13, 14

*United States v. Johnson*, 715 F.3d 1094, 1103 (8th Cir. 2013)…………………..11

*United States v. Mosely*, 505 F. 3d 804, 806 (8th Cir. 2007)………………...……16

*United States v. Pacheco*, 641 F.3d 970, 973 (8th Cir. 2011)…………………….10

*United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)…………………..…22

*United States v. Pulido*, 566 F.3d 52, 57 (1st Cir. 2009)…………………..……..11

*United States v. Rodriguez*, 602 F.3d 24 (5th Cir. 2010)…………………….2, 24, 25

*United States v. Thompson*, 403 F.3d 1037 (8th Cir. 2005)…………...………..17

*United States v. Swisshelm*, 848 F.3d 1157, **4 (W.D. Mo., July 22, 2015)…..…12

*United States v. Vaval*, 404 F.3d 144, 156 (2nd Cir. 2005)…………...…2, 13, 15

*United States v. Williams*, 976 F.3d 781, 784 (8th Cir. 2020)………………..…22

*Wassman v. U.S.*, 468 U.S. 559 (1984)…………………………………...…2, 24

## Statutes

18 U.S.C. § 1591(a)(1), (b)(2)………………………………………..…….3, 5

18 U.S.C. §§ 3231……………………………………………………………….5

28 U.S.C. §1291………………………………………………………………..5

## Other Authorities

FRCPR 11………………………………………………………9, 10, 11, 15, 17

v

## JURISDICTIONAL STATEMENT

Defendant Tommy Tate Collins appeals from the Order Denying Defendant's Motion to Withdraw Guilty Plea entered on August 4, 2022. Defendant appeals the District Court's denial of Defendant's request for permission to withdraw his guilty plea entered on February 2020. Defendant also appeals the substantive reasonableness of his sentence arguing that the chosen sentence was higher than prior to the appeal. The case number below is 19-CR-76.

The United States District Court had jurisdiction over the Collin's federal criminal prosecution pursuant to 18 U.S.C. §§ 3231. This Court has jurisdiction of the appeal pursuant to 28 U.S.C. §1291. This is a direct appeal of the district court's Order Denying Defendant's Motion to Withdraw Guilty Plea entered on August 4, 2022 and the sentence entered on September 15, 2022. The Defendant filed a notice of appeal on September 26, 2022. R. Doc. 700.

Appellate Case: 22-3035     Page: 7     Date Filed: 01/06/2023 Entry ID: 5233391

# STATEMENT OF THE ISSUES

I.    THE DISTRICT COURT ABUSED ITS DISCRETION BY USING THE INAPPLICABLE FAIR AND JUST STANDARD FROM FEDERAL RULE OF CRIMINAL PROCEDURE 11 TO REFUSE TO ALLOW THE DEFENDANT TO WITHDRAW HIS GUILTY PLEA

*Santobello v. New York*, 404 U.S. 257 (1971)

*United States v. Gomez*, 326 F.3d 971, 973-74 (8th Cir. 2003)

*United States v. Hawley*, 93 F.3d 682, 694 (1996)

*United States v. Vaval*, 404 F.3d 144, 156 (2nd Cir. 2005)

II.    THE DISTRICT COURT COMMITTED REVERSIBLE ERROR WHEN IT SENTECED COLLINS MORE SEVERELY ON REMAND AND FAILED TO STATE ANY REASONS WHY IT IMPOSED A GREATER SENTENCE

*North Carolina v. Pearce*, 395 U.S. 711 (1969)

*United States v. Rodriguez*, 602 F.3d 24 (5th Cir. 2010)

*Wassman v. U.S.*, 468 U.S. 559 (1984)

Appellate Case: 22-3035    Page: 8    Date Filed: 01/06/2023 Entry ID: 5233391

## STATEMENT OF THE CASE

### Nature of the Case

This is a direct appeal by Defendant Tommy Tate Collins from the district courts order denying Collin's Motion to Withdraw Plea of Guilty and ordering specific performance of the plea agreement as well as the district court's sentencing on. R. Doc. 687.

### Procedural History

On August 13, 2019, a Southern District of Iowa grand jury returned an indictment charging the defendant with 32 counts in violation of 18 U.S.C. § 1591(a)(1), (b)(2). R. Doc. 164. Then in February 2020, Collins and the Government entered into a plea agreement in which Collins pled guilty to Count 20 – Sex Trafficking of Children. R. Doc. 376.  At the sentencing hearing, the Government submitted a sentencing memorandum in which they argued against the acceptance of responsibility that was promised in the plea agreement and utilized evidence that impermissibly used Collin's pre-plea conduct against him. *United States v. Collins*, 25 F.4th 1097, 1101 (8th Cir. 2022).

Collin's appealed, arguing breach of the plea agreement. R. Doc. 702. The Eighth Circuit found the Government was in breach and remanded to the district court to assess the most appropriate remedy. *Id*. at 1102. On remand, the district court denied the Defendant's request to withdraw the plea of guilty and order

3

specific performance of the plea agreement. R. Doc. 686 at 3. A resentencing

hearing was held on September 15, 2022. R. Doc. 697.

4

**Factual Overview**

Between January 2018 and February 2019, Collins participated in sex acts with Victim One and Minor Victim B in exchange for money, marijuana, and cocaine. PSR, p. 8-11. A 23-count indictment was filed on May 15, 2019 charging Tommy Tate Collins, amongst several other defendants. PSR, p. 5.

A Second Superseding Indictment was filed on June 20, 2019 and Third Superseding Indictment was filed August 13, 2019 both charging the defendant with additional counts. PSR, p. 6.

Further, on August 13, 2019, a Southern District of Iowa grand jury returned an indictment charging the defendant with 32 counts in violation of 18 U.S.C. § 1591(a)(1), (b)(2). R. Doc. 164. Then in February 2020, Collins and the Government entered into a plea agreement in which Collins pled guilty to the lesser included offense in Count 20 – Sex Trafficking of Children. R. Doc. 376. At the sentencing hearing, the Government submitted a sentencing memorandum in which they argued against the acceptance of responsibility that was promised in the plea agreement and utilized evidence that impermissibly used Collin's pre-plea conduct against him. *United States v. Collins*, 25 F.4th 1097, 1101 (8th Cir. 2022).

Collin's appealed, arguing breach of the plea agreement. R. Doc. 702. The Eighth Circuit found the Government was in breach and remanded to the district court to assess the most appropriate remedy. *Id*. at 1102. On remand, the district

5

court denied the Defendant's request to withdraw the plea of guilty and order specific performance of the plea agreement. R. Doc. 686 at 3. A resentencing hearing was held on September 15, 2022. R. Doc. 697.

Appellate Case: 22-3035    Page: 12    Date Filed: 01/06/2023 Entry ID: 5233391

## SUMMARY OF THE ARGUMENT

The district court committed reversible error when it analyzed and ruled on Collins Motion to Withdraw Plea by utilizing the in applicable "fair and just reasons" standard contained within Federal Rule of Criminal Procedure 11(d). Rule 11 is inapplicable to a request to take back a plea on remand from a finding by an appellate court of a breach of plea agreement. The proper standard is to evaluate the totality of the circumstances to determine whether resentencing or plea withdrawal is the most appropriate remedy. Considerations include whether the breach was intentional or egregious and whether the taint from the breach can be removed.

Further, the Court committed reversible error when it sentenced Collins to a more severe (18 months more severe) sentence on remand without stating reasons why the sentence was more severe than the previous sentence. The presumption of vindictiveness should apply on the specific facts of this case, even though the sentencing judges were different persons, the second sentencing judge had to consider and rule on Collins Motion to Withdraw Plea, thereby considering many of the same matters which were improperly before the first court on first sentencing, tying the first court to the second, and because contextually Collins ultimately got what he bargained for in his first sentencing, appealed regardless, won, and then was sentenced to a term of incarceration which vitiated the credit he

received for serving time while his case was on appeal. Further, the Court failed to state any reasons for the more severe sentence.

**ARGUMENT**

## I. THE DISTRICT COURT ABUSED ITS DISCRETION BY USING THE INAPPLICABLE FAIR AND JUST STANDARD FROM FEDERAL RULE OF CRIMINAL PROCEDURE 11 TO REFUSE TO ALLOW THE DEFENDANT TO WITHDRAW HIS GUILTY PLEA

### A. <u>Error Preservation and Standard of Review</u>

Error was preserved by Collin's filing his Motion to Withdraw Plea and the Court's Order Denying said motion. R. Doc. 687. Whether a district court applied an incorrect legal standard is reviewed for abuse of discretion. Principal Securities, Inc. v. Agarwal, 23 F.4th 1080, (8th Cir. 2022).

### B. <u>Posture of the Case at the Time of the Motion to Withdraw Plea and Inapplicability of Federal Rule of Criminal Procedure 11(d)&(e)</u>.

At the time Collins filed his Motion to Withdraw Plea, this matter was on remand from this Court, after this Court found that the Government had breached the plea agreement at Collins' original sentencing. R. Doc. 675. Thus, Collins had been sentenced, appealed, and had his sentenced vacated.

In its ruling, the District Court analyzed Collins' Motion to Withdraw his plea utilizing the standard set forth in Federal Rule of Criminal Procedure 11(d)(2)(B). R. Doc. 675. But undersigned counsel can find no case in which the United States Supreme Court nor this Court, has held that the standard in Rule 11(d)(2)(B) is applicable after a defendant has been sentenced and his case is before the district court on remand. In fact, this Court has stated in at least one

9

case, that the standard does not apply. *U.S. v. Gomez*, 326 F.3d 971, 973-74 (8th Cir. 2003).

> On appeal, Gomez argues the district court abused its discretion in denying his motion to withdraw the plea because he had fair and just reasons for withdrawal. But that is the standard when a defendant moves to withdraw his plea before sentence is imposed. Gomez did not move to withdraw the plea until after our remand order, which was limited to directing the district court to consider plea withdrawal as a remedy for the government's breach of the plea agreement.

*Id*. (citations omitted). Moreover, the district court's reliance on *United States v. Pacheco* in support of using the Federal Rule of Criminal Procedure 11 "fair and just standard" as the sole standard for analyzing whether withdrawal of a plea of guilty should be granted is mistaken. R. Doc. 687; *United States v. Pacheco*, 641 F.3d 970, 973 (8th Cir. 2011). *Pacheco*, does not stand for the sweeping proposition made by the district court that "Eighth Circuit law does not support applying any standard besides a "fair and just reason" standard" at least not as it relates to this case. R. Doc. 687. This case stands procedurally apart from *Pacheco* and those referred to in *Pacheco*. It is the case, that when a defendant is before the district court for the first time before sentencing and after acceptance of plea seeking plea withdrawal, and it may even be that a defendant before the court for a subsequent time, when making new, non-breach related arguments as to why a plea should be withdrawn, is subject to the "fair and just reason" standard of Rule 11. But that is not this case and Rule 11 is not applicable to this case.

Appellate Case: 22-3035     Page: 16     Date Filed: 01/06/2023 Entry ID: 5233391

However, even if Rule 11's "fair and just reasons" standard was applicable, Collins has met the standard. A breach of plea is a fair and just reason to permit withdrawal of a guilty plea. *United States v. Haslam*, 833 F.3d 840 (7th Cir. 2016); see also, *United States v. Pulido*, 566 F.3d 52, 57 (1st Cir. 2009)(considering whether parties reached or breached plea agreement in analyzing the fair and just standard). Nonetheless, counsel can find no cases where this Court has specifically stated that a breach of the plea agreement constitutes a fair and just reason under Rule 11. likely because the concerns which prompted Rule 11's "fair and just reason" standard are different from the concerns which result from the Government's breach of the plea agreement.

Rule 11 is concerned with the finality of a guilty plea, whereas, the concerns in cases of a Government breach of plea are related to the interests of justice, and the duties of prosecutors. See, *Santobello v. New York*, 404 U.S. 257, 262 (1971). While both concern fairness, Rule 11 seeks to promote finality in the judicial process and is concerned primarily with the actions of the defendant (whether the defendant knowingly and voluntarily entered the plea of guilty, whether the defendant understood the plea, whether the defendant asserts actual innocence, the timing of the defendant's motion, etc.). See, *U.S. v. Johnson*, 715 F3d. 1094, 1103 (8th Cir. 2013); R. Doc. 687, p. 3. Whereas *Santobello*, sought to ensure a defendant receives the benefit of his/her bargain and is not prejudiced by the unfair

Appellate Case: 22-3035     Page: 17     Date Filed: 01/06/2023 Entry ID: 5233391

actions of the prosecutor. In any case, the district court here abused its discretion by applying an incorrect legal standard to Collins' request to withdraw his plea.

### C. <u>The Proper Standard for Ruling on a Motion to Withdraw a Plea of Guilty After Remand Finding Breach of the Plea Agreement</u>

When the government breaches a plea agreement, there are two typical remedial avenues: (1) demanding specific performance of the plea agreement, or (2) allowing the defendant to withdraw his or her guilty plea. *United States v. Dicus*, 579 F. Supp. 2d 1142 at 1152 (N.D. Iowa 2008); *citing United States. v. E.V.*, 500 F.3d 747, 751 (8th Cir. 2007); *see also Santobello v. New York*, 404 U.S. 257 (1971). To determine the appropriate remedy, the case should be remanded to the district court which is:

> […] in a better position to decide whether the circumstances of [the] case require only that there be specific performance of the agreement on the plea, in which case [defendant] should be resentenced by a different judge, or whether, in the view of the state court, the circumstances require granting […] the opportunity to withdraw his plea of guilty.
>
> *United States v. Hawley*, 93 F.3d 682, 694 (1996); *citing Santobello*, 404 U.S. at 263.

Further, withdrawal of a plea of guilty is subject to the defendant's election and the district court's discretion. *United States v. Swisshelm*, 848 F.3d 1157, **4 (W.D. Mo., July 22, 2015).

Appellate Case: 22-3035     Page: 18     Date Filed: 01/06/2023 Entry ID: 5233391

*Santobello* permits a defendant to elect either remedy and gives the district court some discretion over what the remedy should be. But, neither the Supreme Court, nor this Circuit have established any tests or standards to guide the district court in the exercise of that discretion. However, other circuits have provided some guidance for district courts.

The Second Circuit, for example, has said that a district court should be guided by the circumstances of each case. *U.S. v. Vaval*, 404 F.3d 144, 156 (2nd Cir. 2005).

> Certainly, where resentencing before another district judge would not cure the "taint[ ]" caused by a government breach—because, for example, the government violated the agreement by introducing new evidence that could not be "magically erased or ignored on remand"— we have held that plea withdrawal was the appropriate remedy. *Id.* at 35. In other cases, where remand to a different judge for resentencing would cure the breach caused by the government, we have ordered that remedy. *E.g., United States v. Corsentino,* 685 F.2d 48, 52 (2d Cir.1982) (government violated agreement to take no position at sentencing)

*Id.* at 156., R. Doc. 682, p. 2. See also, *Kinglsey v. U.S.*, 968 F.2d 109, 113 (2nd Cir. 1992)(In choosing a remedy, a court must exercise its sound discretion under the circumstances of each case and what is reasonably due in the circumstances will vary).

The Tenth Circuit, in *U.S. v. Hawley*, said the following:

The Court in *Santobello* remanded the case back to the state courts to determine the defendant's ultimate relief because the state court was "in a better position to decide whether the circumstances of [the] case require only that there be specific performance of the agreement on the plea, in which case [defendant] should be resentenced by a different judge, or whether, in the view of the state court, the circumstances require granting the relief sought by [defendant], *i.e.,* the opportunity to withdraw his plea of guilty." *Santobello,* 404 U.S. at 263, 92 S.Ct. at 499 (footnote omitted). Providing this type of latitude for the district court on remand is preferable in light of the district court's position with respect to the case. *See Allen,* 57 F.3d at 1534 (citing *Santobello* and stating that "[i]f the court finds that the government breached the plea agreement, the court must remand the case either for specific performance or withdrawal of the defendant's guilty plea"). *Compare Cooper,* 70 F.3d at 567 (when it is clear from the appellate record that the government's breach of the plea agreement is intentional or egregious, the appellate court may conclude sentencing is not an adequate remedy and it may order that defendant be allowed to withdraw his guilty plea). Here, we believe it is appropriate to remand this matter to the district court for its determination of whether the defendant should be permitted to withdraw his guilty plea or whether he should simply be resentenced by another judge under conditions where the government fulfills the promises it made in the Plea Agreement to not oppose that Hawley receive a three level reduction for acceptance of responsibility and to not oppose that Hawley not receive a two level enhancement for obstruction of justice.

*Hawley*, 93 F.3d 682, 694 (10th Cir. 1996)[1]

---

[1] It is also perhaps worth noting that the cases seem to suggest that the case be remanded to the original presiding judge who will then decide which remedy is appropriate. It makes little sense to remand to a different judge, because a new judge is in no better position to determine which remedy is more appropriate than the appellate court. The point is that the original presiding judge, with knowledge of the case, is in the best place to decide whether to hand the case off to a new judge for resentencing or decide whether the breach warrants withdrawal of the plea. It maybe that if it does, the case should still be assigned to a new judge for future proceedings due to the taint of the breach, but the original presiding judge is

Appellate Case: 22-3035     Page: 20     Date Filed: 01/06/2023 Entry ID: 5233391

Thus, other circuits have adopted the view that in considering the totality of the circumstances, if the breach(es) is the type which is egregious or intentional, or one in which the government introduced evidence which cannot be magically erased or ignored, or for which the taint cannot be cured, it is appropriate to permit a defendant to withdraw his plea. This is precisely what Collins argued in the district court, and what the district court disregarded in favor of the inapplicable fair and just reason standard from Rule 11. R. Doc. 682 & 687.

**D. <u>Considering the Totality of the Circumstances, the Government's Breach of Plea was Egregious, Intentional and cannot be Erased or Ignored.</u>**

In this matter the breaches by the Government were egregious, intentional and of the type which introduced evidence which cannot be magically erased nor ignored. Firstly, while this Court found only one breach in its opinion, it did so because only one breach was necessary to find in order to remand. R. Doc. 675. This Court did not consider whether Collins other alleged breaches of plea did in fact constitute breaches because it did not need to. Collins alleged, and still maintains that the Government breached the plea agreement in many multiple

---

still in the best position to know the significance of the Government's breach. Moreover, a newly assigned judge should take the case free from the taint of the breach, which is virtually impossible, when, as here, the newly assigned judge has to rule on a Motion to Withdraw plea, which necessarily entails a discussion of the severity of the Government's breach. R. Doc. 682, p. 5-6. In this case, the original judge reassigned the case before any proceedings were held after remand.

Appellate Case: 22-3035    Page: 21    Date Filed: 01/06/2023 Entry ID: 5233391

ways. R. Doc. 527. As to the one breach this Court did find, that the Government violated the plea agreement by advocating against acceptance of responsibility and using pre-plea conduct to so do, that violation was egregious and intentional. The case law in the 8th Circuit is and was explicitly clear the Government cannot use pre-plea conduct to dispute acceptance of responsibility. *United States v. Mosley*, 505 F.3d 804, 806 (8th Cir. 2007). Undersigned Counsel filed a lengthy memorandum explaining this and other caselaw several days before sentencing which apparently left the Government undeterred. And then, at sentencing, the District Court, specifically invited the Government to cure its breach and walk back its reliance on pre-plea conduct and the Government still refused to do so. R. Doc. 527 at 1101-1102. Given these facts, it is hard to conclude this was anything other than an intentional breach.

Next, the Government, in its original sentencing memorandum, took pains to detail facts, and even worse, characterize, some of those facts negatively, most of which bore on promises it had made not to recommend certain sentencing, offense conduct enhancements. R. Doc. 450. Those are detailed in Collins Sentencing Memorandum. R. Doc. 527. Much of that information was used specifically to advocate against acceptance of responsibility and was pointed out as relevant to obstruction, even though the Government "said" it was not recommending

obstruction. This was a blatant attempt to back door information and influence the Court and the probation office, all in violation of its promises to Mr. Collins.

Furthermore, in its offense conduct statement, the Government cherry picked specific quotes from phone calls Collins had made, pre-plea, knowing that the Probation Office would include those in the presentence report and utilize them in their guideline calculations. R. Doc. 447, First Final PSR, P. 52-73. While the Government should normally provide all relevant information to the Probation Office and Court, if it makes promises in a plea agreement it is bound to follow through on that promise even if it means not submitting the details of all the facts to the Probation Office. See, *U.S. v. Thompson*, 403 F.3d 1037 (8th Cir. 2005)[2]. Even if that information could rightly have been included, a point which Collins in no way conceded, once he objected the Government could not offer the evidence at

---

[2] It should be noted here that the parties agreed in the plea agreement to recommendations that certain guideline enhancements should not be applied. *Thompson* discusses the amendments to rule 11(c)(1)(C) (Formerly 11(e)(1)(C)). However, the exact same amendment was made to rule 11(c)(1)(B) (Formerly 11(e)(1)(B). And here, the Government did more in this case than just provide relevant information to the Probation Office, it detailed and cherry-picked that information and characterized it in a way sure to implicate an enhancement for obstruction and lack of acceptance. It then used the information to do just that in its sentencing memorandum. For example, with regard to the pre-plea calls, it ***may*** have been permissible for the Government, consistent with its obligations and caselaw, to have simply noted that Collins made calls, to whom they were made and when. If the Court wanted more information the Court may then have solicited it from the Government. But to cherry-pick and include the details of the calls which are likely to warrant application of an enhancement it agreed to not recommend renders the Government's promise a nullity.

17

sentencing because it agreed the enhancement should not apply. *U.S. v. Fowler*, 445 F.3d 1035,1038 (8th Cir. 2006). But, at sentencing, the Government was prepared to offer into evidence much of the pre-plea information which put it in breach in the first instance. In fact, it submitted that information as exhibits ahead of the hearing, to the Court, which undersigned counsel believes the Court read, watched and/or listened too. In short, in multiple ways, the Government intentionally and in ways, egregiously, sought to get around the deal it made.

Outside of the breaches in this case being intentional and egregious, importantly, they are of the sort that cannot be magically erased away. For starters, to argue for his preferred remedy, Collins had to point out in his Motion to Withdraw Plea, the breaches themselves and the facts which form the basis of said breaches[3]. This is not a scenario were the Government merely failed to advocate for a specific agreed upon position, or advocated against a specific agreed upon position, based on facts which were undisputed, unobjected to and were properly before the Court. In this case, the Government affirmatively introduced evidence into the sentencing record, through the offense conduct statement and its lengthy

---

[3] Even if Collins did not have too, the Appeal opinion is littered with evidence of the breach, and sufficient to put the new district court judge on notice of what evidence does exist. This Court cannot ignore what is in that opinion. As the Court of Appeals notes routinely in these breach cases, this is not to question the fairness or integrity of the district court, but the information is public and an integral part of this case, and was to the proceeding on remand, and that cannot be ignored.

sentencing memorandum and exhibits, and it characterized that evidence in a way that advocated for enhancement it agreed did not apply. And for example, Collins had to point out, in support of his position, to the new district court on remand, the pre-plea phone calls. R. Doc. 682.

To make matters worse in this case, although the district court ordered a new pre-sentence report be prepared, that report was identical (except as to the guideline scoring) to the original final PSR. R. Doc. 447 & 689. Thus, all of the information which Collins alleged breached the plea agreement was still contained within the new pre-sentence report, including the original offense conduct statement submitted by the Government. Moreover, Collins objected to that information in his sentencing memorandum as the district court had not set a time for objections to the Pre-sentence report[4]. R. Doc. 695, p. 2-3. Further, the district court noted at sentencing that it had reviewed the docket as whole as well as the opinion from this Court. Sent. Tr. p. 5. In short, there was simply no way to

---

[4] Note that the Government did not resist nor attempt to prove up the objections to Paragraphs 34-40, the probation office did not rely on them in calculating the guidelines and the Court at the outset of the sentencing hearing said it would not consider those paragraphs and so counsel did not make further argument (outside of his sentencing objections) that the Government further breached the plea agreement. Sent. Tr. p. 6. Whether the continued inclusion of such information was a new breach is not before this Court as Collins did not argue that given the facts just heretofore stated, but that is separate inquiry from whether said inclusion continues the taint of the last breaches. That information, as Collins argued originally, should never have been included, and the fact it was still included before a new district court judge continues the taint of the prior breaches.

Appellate Case: 22-3035     Page: 25     Date Filed: 01/06/2023 Entry ID: 5233391

remove the taint from the Government's prior breaches of the plea agreement because they were written all over this Court's opinion, the Pre-sentence Report, the Offense Conduct statement and the like.

Resentencing in this matter, was really no remedy at all. The type of breaches in this case included provided the district court with information of the type that directly bore on sentencing issues the Government contracted not seek. When he originally appealed Collins agreed he got the benefit of his bargain because the district court did not apply the enhancements. But that does not cure the breach because the Government provided information it should not have, and the Court cannot magically erase away that information. Now, a new judge, had the same information, and while again, the Court said it would not consider it and did not apply the enhancements, it too could not magically erase its knowledge of facts the Government contracted not too willing provide. A matter all the more heightened in this case because the same judge had to consider the information in ruling on his motion to withdraw his plea, something the original district court judge likely should have done.

To put a fine point on it, the district court on remand sentenced Mr. Collins more severely than the original district court judge. The new sentencing judge could not escape all of the information about all of the various breaches in this case, whether from reading the appellate opinion, the Pre-Sentence Report, or Mr.

20

Collins' Motion to Withdraw his plea. All of it was front and center for the new district court judge and that completely defeated the purposes of resentencing in front of a new judge. After all of this, it cannot be said that the Government's breach could be or in fact was, magically wiped away. It was not. And that mere fact that on remand the Government at least, basically adhered to the recommendations it agreed to make in the plea agreement, does not change the fact that all of the prior information it put on the record in violation of the plea agreement, was still readily available and before the new judge. The damage had already been done and it was not and could not be undone. Thus, under the totality of the circumstances the appropriate and fair remedy, was to allow Collins to withdraw his plea.

The district court erred in applying an inapplicable standard in ruling on Mr. Collins Motion to Withdraw his plea. It further erred in refusing to permit him to withdraw his plea. At a bare minimum, this Court should vacate Collins sentence, remand and direct the district court to apply the appropriate standard in ruling on Collins' Motion to Withdraw his plea.

## II. THE DISTRICT COURT COMMITTED REVERSIBLE ERROR WHEN IT SENTENCED COLLINS MORE SEVERLY ON REMAND AND FAILED TO STATE ANY REASONS WHY IT IMPOSED A GREATER SENTENCE.

### A. <u>Standard of Review</u>

The substantive reasonableness of a sentence is for an abuse of discretion. *United States v. O'Connor*, 567 F.3d 395, 397 (8th Cir. 2009). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant factor that should have received significant weight; gives significant weight to an improper or irrelevant factor; or considers only the appropriate factors but commits a clear error of judgment." *Id*. (citations omitted). Moreover, a sentence which is selected arbitrarily is also substantively unreasonable. See, *United States v. Cochrane*, 702 F.3d 334, 345 (6th Cir. 2012); *United States v. Barnes*, 809 F.3d 910, 915 (10th Cir. 2018); *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008); See also, *Rita v. United States*, 551 U.S. 338, 365 (2007). However, a claim of vindictiveness is reviewed for plain error unless a contemporaneous objection is lodged at the time of sentencing. *United States v. Williams*, 976 F.3d 781, 784 (8th Cir. 2020)(reversed and vacated on other grounds). Collins did not lodge an objection to the sentence based on vindictiveness and therefore under controlling 8th Circuit authority review is for plain error.

## B. The Presumption of Vindictiveness Should Apply and Therefore the District Court Committed Error By Sentencing Collins More Severely on Remand Without Stating Reasons for the Greater Sentence .

A judge's discretion to impose a harsher sentence after appeal is limited by the Due Process Clause of the Fourteenth Amendment. *North Carolina v. Pearce*,

Appellate Case: 22-3035     Page: 28     Date Filed: 01/06/2023 Entry ID: 5233391

395 U.S. 711 (1969). In *Pearce*, the United States Supreme Court, developed a prophylactic rule under the due process clause, that when a defendant was sentenced more severely following a successful appeal, a presumption of vindictiveness applies and can only be overcome if the Court puts on the record evidence of identifiable conduct by the defendant occurring after a the time of the original sentencing proceeding which justifies the more severe sentence. *Id*. at 726.

After *Pearce*, the United States Supreme Court began to walk back this prophylactic rule. In *Colton v. Kentucky*, 407 U.S. 104 (1972) the Supreme Court held that Kentucky's two-tiered system which entitled a defendant to a de novo trial by a higher court, did not offend due process and no presumption of vindictiveness applied to resentencing. *Id*. at 119. In *Chaffin v. Stynchcombe*, 412 U.S. 17 (1973) the Court held that resentencing after successful appeal by a new jury did not offend due process and no presumption of vindictiveness applied. In Texas v. McCullough, 475 U.S. 134 (1986) the Court held that the presumption did not apply where a trial judge granted a motion for new trial and then after re-trial sentenced the defendant harshly. And in *Alabama v. Smith*, 490 U.S. 794 (1989), the Court held that the presumption of vindictiveness does not apply in cases where a defendant pleads guilty, successfully appeals, proceeds to trial, and then receives a more severe sentence because more information is available to the judge after trial than is generally available upon plea. Id. at 800-802. However, in *Wasman v.*

Appellate Case: 22-3035     Page: 29     Date Filed: 01/06/2023 Entry ID: 5233391

*U.S.*, 468 U.S. 559 (1984), the Court continued to apply the presumption to cases where a defendant is convicted, successfully appeals, convicted again and sentenced more harshly. However in that case, the sentencing judge put on the record the reasons for the more significant sentence including an intervening conviction of the defendant and the Court found the presumption of vindictiveness overcomes. *Id*.

*Wasman* is the most analogous Supreme Court decision to this case, where Collins pled guilty, successfully appealed, and was then resentenced. But this Court held in *U.S. v. Anderson*, 440 F.3d 1013 (8th Cir. 2006), that at least on the facts of that case, no presumption applied because different judges sentenced Anderson. *Id*. at 1016. The most analogous case to Collins', that counsel could find, is *U.S. v. Rodriguez*, 602 F.3d 346 (5th Cir. 2010).

In *Rodriguez,* the 5th Circuit found that different sentencers also meant the presumption does not apply (a holding most of the Circuit Courts of Appeal have now adopted), however, it did still review the record for a reasonable likelihood of vindictiveness. *Id*. at 359. "Therefore, we are not bound by Floyd to presume vindictiveness per se. Nonetheless, as noted above and as addressed, for example, in *Alabama v. Smith*, we must still consider whether there was a reasonable likelihood that the increase in Rodriguez' sentence was due to actual vindictiveness." *Id*. (citations omitted). The Court noted if there was a reasonable

24

likelihood pf vindictiveness it would apply the presumption and if not, it would consider whether the defendant could prove actual vindictiveness. *Id*. at 359-60.

In this case, although two different judges sentenced Collins' that does not end the inquiry on whether there is a reasonable likelihood of vindictiveness. *Id*. This case is distinguishable from *Rodriguez*. Firstly, unlike in *Rodriguez*, Collins attempted to take back his plea in front of the same district court judge who resentenced him. He was forced into that situation when the prior judge recused herself after this Court's mandate issued. This put the second judge in a similar situation as the first, having to determine the impact of the Government's breach of plea and consider all of the information which Collins argued the Court should not have considered[5]. The district court was not sentencing Collins anew because it necessarily was drug into the issues which were involved in the first sentencing and appeal. It, therefore, was apprised of many of the facts and circumstances which had occurred previously. In *Rodriguez*, the defendant agreed on resentencing as the remedy and thus taking back his plea was never put before the new judge. *Id*. at 350. That judge had no connection to the first sentencing, and there is no indication that the taint of the breach spilled over into the second

---

[5] Not to mention the fact that Collins basically got what he bargained for the first time and appealed anyway, which triggered the subsequent litigation in the district court. In other words, because he got what he bargained for there is at least the appearance, that a more severe sentence is a punishment for exercising his right to appeal and attempting to take back his plea.

Appellate Case: 22-3035     Page: 31     Date Filed: 01/06/2023 Entry ID: 5233391

sentencing unlike in this case. The connection between the past and current in this case was significantly more pronounced[6].

Moreover, in this case we have the fact that the Court did rule on Collins Motion to Withdraw his plea and denied that motion. Then, the district court sentenced Mr. Collins to some eighteen months more on resentencing which is roughly the amount of time Mr. Collins spent in custody while his appeal was pending[7]. This is even more important when it is considered in context – that Collins essentially got what he bargained for at his first sentencing and opted to exercise his right to appeal anyhow and was successful[8]. On its face, it at least appears like the sentence imposed on remand, may have been designed to deprive Collins of credit for days in custody he accumulated while on appeal in a case where he had already essentially received the benefit of his bargain. Finally, the Court cited no specific reasons on the record for why it sentenced Mr. Collins more severely than the first district court[9].

---

[6] And additionally, because the new PSR contained the same objected to paragraphs as the prior PSR, the same information

[7] Collins appeal was pending for 15 months from the time his notice was filed until the time mandate issued. He spent 21 months in custody from the time he filed his notice of appeal until his resentencing.

[8] A fact, also included in this Court's opinion.

[9] Particularly, since the record was incredibly similar and no negative intervening conduct had occurred.

Appellate Case: 22-3035    Page: 32    Date Filed: 01/06/2023 Entry ID: 5233391

On the specific facts of this case, the Court should find that the presumption of vindictiveness does apply, and that it has not been overcome because the Court did not state any reasons on the record sentencing Collins more severely than the prior court.

## III. CONCLUSION

For the reasons cited herein, Collins asks this Court, at minimum, to vacate his sentence and remand for further proceedings. Though Collins believes enough exists in the record to order his plea be withdrawn.

Appellate Case: 22-3035     Page: 33     Date Filed: 01/06/2023 Entry ID: 5233391

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because Brief of Appellant contains 6081 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Office Word 2013 in Times New Roman in 14-point font size.

Appellate Case: 22-3035    Page: 34    Date Filed: 01/06/2023 Entry ID: 5233391

**CERTIFICATE OF SUBMISSION AND VIRUS SCAN**

I hereby certify that on this 4th day of January, 2023, I electronically

submitted the Brief of Appellant with the Clerk of the Court for the United States

Court of Appeals for the Eighth Circuit by using the CM/ECF system after

scanning it for viruses by using the Norton's Antivirus Virus Scan program, which

reported no viruses were found.  Paper copies will be transmitted upon receipt of

the Notice of Filing from the Clerk of Court.

     /s/ Nicholas A. Sarcone    
Nicholas A. Sarcone, Attorney

Appellate Case: 22-3035    Page: 35    Date Filed: 01/06/2023 Entry ID: 5233391

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the __4__ day of _January_, 2022, I mailed two (2) copies of the Brief of Appellant by first-class mail deposited in the United States Mail, postage prepaid, addressed to the counsel of record listed below.

> Amy Jennings
> Assistant U.S. Attorney
> 110 E. Court Avenue
> Des Moines, IA 50309

> **BABICH SARCONE, PLLC**
> Nicholas A. Sarcone
> 501 SW 7th Street, Suite J
> Des Moines, IA 50309
> Telephone: (515) 644-2243
> Email: nick@desmoinesattorneys.com
> **Attorney for Defendant- Appellant**

> By: _____/s/ Nicholas A. Sarcone_____
> Nicholas A. Sarcone
> Attorney

Dated: January 4, 2023

Appellate Case: 22-3035    Page: 36    Date Filed: 01/06/2023 Entry ID: 5233391